IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**JAMES DERREL PERSON**                                                                      **PLAINTIFF**
**ADC #166462**

v.                                        Case No: 4:22-cv-01282 KGB

**RODNEY WRIGHT, Sheriff,**                                                                **DEFENDANTS**
**Saline County Jail**

### ORDER

Before the Court is the Recommended Disposition ("Recommendation") submitted by United States Magistrate Judge Joe J. Volpe recommending that the Court grant defendants Sheriff Rodney Wright, Captain Wade Gilliam, Sergeant Jennifer Hallman, Sergeant Tonya Parker, and Sergeant Christie Griffin's motion to dismiss and dismiss without prejudice plaintiff James Derrel Person's amended complaint for failure to prosecute (Dkt. No. 57). Mr. Person filed a document with the Court titled "Recommended Disposition dated March 11, 2024" which the Court construes as Mr. Person's objections to Judge Volpe's Recommendation (Dkt. No. 61). After careful consideration of the Recommendation, the objections, and a *de novo* review of the record, the Court declines to adopt Judge Volpe's Recommendation (Dkt. No. 57).

I.      **Background**

On October 19, 2023, defendants served written discovery requests on Mr. Person (Dkt. No. 45-1). When Mr. Person failed to respond within 30 days as required by the Federal Rules of Civil Procedure, defendants filed a motion to compel. (Dkt. No. 45). Judge Volpe entered an Order compelling Mr. Person to respond to the outstanding discovery requests within 21 days (Dkt. No. 47). Mr. Person failed to respond.

On January 8, 2024, defendants filed a motion to dismiss (Dkt. No. 51). In an Order dated January 25, 2024, Judge Volpe denied defendants' motion to dismiss because it appeared from the

record that Mr. Person may have not received the defendants' discovery requests or his Order (Dkt. No. 54). Judge Volpe directed the Clerk of the Court to mail Mr. Person a copy of the defendants' discovery requests, and Judge Volpe gave Mr. Person until February 28, 2024, to mail defendants his responses (*Id.*). Judge Volpe warned Mr. Person, "[i]f Plaintiff does not timely answer the discovery requests, Defendants may renew their Motion to Dismiss." (*Id.* at 1). Judge Volpe also warned Mr. Person that the Court would not grant any further extensions (*Id.*, at 2). According to the Court's docket, the Clerk's mailing of Judge Volpe's January 25, 2024, Order and the defendants' discovery requests to Mr. Person were not returned undeliverable.

On March 5, 2024, defendants filed a second motion to dismiss asserting that Mr. Person had not complied with the Court's Order to prosecute his case by responding to defendants' discovery (Dkt. No. 55, ¶ 5). Defendants move to dismiss Mr. Persons's amended complaint pursuant to Federal Rule of Civil Procedure 41 (*Id.*). Based on Mr. Person's failure to respond to defendants' discovery requests, Judge Volpe issued his Recommendation recommending that this Court grant defendants' second motion to dismiss and dismiss Mr. Person's amended complaint without prejudice pursuant to Federal Rule of Civil Procedure 41(b) (Dkt. No. 57, at 2). Judge Volpe stated in his Recommendation that Mr. Person could cure the defect by immediately responding to defendants' discovery requests (Dkt. No. 57).

On March 25, 2024, Mr. Person filed a document with the Court titled "Recommended Disposition dated March 11, 2024," which the Court construes as Mr. Person's objections to Judge Volpe's Recommendation (Dkt. No. 61). In the filing, Mr. Person also notifies the Court of another change of address, and moves for appointment of counsel, discovery, and extension of time to complete discovery (Dkt. No. 61). In his objections, Mr. Person maintains that he did "not received any defendant discovery requests" (*Id.*, at 1). Mr. Person acknowledges receiving Judge Volpe's

Recommendation dated March 11, 2024, that stated that he was "compelled to respond" (*Id*.). Mr. Person asks for "legal counsel to assist me with this and with getting my case back on track." (*Id*., at 2). Mr. Person asks for the "discovery requests" that he was supposed to receive and for additional time to respond (Dkt. No. 61, at 2). Finally, Mr. Person asks the Court not to dismiss his complaint because he "intend[s] to pursue it" (*Id*.).

Defendants respond that Mr. Person's opposition does not remedy or explain his failure to prosecute this case (Dkt. No. 62). Defendants note that Mr. Person admits receiving documents from the Court in March 2024 (*Id*., at 1). Defendants contend that Mr. Person is not entitled to lodge what they characterizes as a "frivolous" lawsuit about black mold against defendants and then refuse to pursue it while defendants spend time and resources defending the lawsuit (*Id*.). Defendants maintain that Mr. Person has failed to follow two of Judge Volpe's Orders and his amended complaint must be dismissed (*Id*., at 1–2).

**II.     Analysis**

After careful review, the Court declines to adopt Judge Volpe's Recommendation because it is unclear to the Court whether Mr. Person received the defendants' discovery requests and Judge Volpe's January 25, 2024, Order (Dkt. No. 57). The Court received a notice of change of address for Mr. Person on January 18, 2024 (Dkt. No. 53). The docket reflects that Judge Volpe's January 25, 2024, Order and the defendants' discovery requests were mailed to Mr. Person on the date of entry of the Order and were not returned undeliverable, but it is not clear on the record before the Court when Mr. Person was transferred from the Tucker Unit to the Cummins Unit of the Arkansas Division of Corrections and whether his mail was forwarded.

The next filing received from Mr. Person was the response to the Recommendation and notice of change of address (Dkt. No. 61). In the filing, Mr. Person states that the only mail that

3

he received was the Recommendation dated March 11, 2024 (Dkt. No. 61, at 1). Mr. Person represents that he is "struggling to keep up with my case because [he is] not receiving filings or correspondence," and Mr. Person states that when he receives filings it "is not always chronological." (*Id*.). Accordingly, the Court denies defendants' motion to dismiss (Dkt. No. 55).

To ensure that Mr. Person receives the discovery requests and recent filings, the Court instructs the Clerk of the Court to mail Mr. Person a copy of the docket sheet in this case along with defendant's discovery requests (Dkt. No. 45-1), and a copy of Docket entries 54, 55, and 56 to his new address at the Cummins Unit. Mr. Person must mail his answers to the defendants' discovery requests to defendants on or before July 25, 2024. The Court will not grant Mr. Person any further extensions to respond to defendants' discovery requests.

### III.     Motion To Appoint Counsel

The Court denies Mr. Person's motion for appointment of counsel (Dkt. No. 61). A *pro se* litigant in a civil case does not have a statutory or constitutional right to appointed counsel. *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018); *Phillips v. Jasper County Jail*, 437 F.3d 791, 794 (8th Cir. 2006). However, the Court may, in its discretion, appoint counsel if the *pro se* prisoner has stated a non-frivolous claim and "the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel." *Patterson*, 902 F.3d at 850 (quoting *Johnson v. Williams*, 788 F.2d 1319, 1322 (8th Cir. 1986)). In making this determination, the Court must weigh and consider the following factors: (1) the factual and legal complexity of the case; (2) the plaintiff's ability to investigate the facts; (3) the existence of conflicting testimony; and (4) the plaintiff's ability to present his claims. *Id*.; *Phillips*, 437 F.3d at 794.

4

The decision to appoint counsel is based on the circumstances of each case. After considering all relevant factors, in particular the factual and legal complexity of this case, the Court declines to appoint counsel at this stage in the case.

**IV.     Conclusion**

For these reasons, the Court declines to adopt Judge Volpe's Recommendation (Dkt. No. 57). Therefore, it is ordered that:

1. The Court denies defendants' second motion to dismiss (Dkt. No. 55).

2. The Court denies Mr. Persons's motion for appointment of counsel (Dkt. No. 61).

3. The Court grants Mr. Persons's motion for extension of time to respond to discovery (Dkt. No. 61). The Court instructs the Clerk of the Court to mail Mr. Person a copy of defendants' discovery requests (Dkt. No. 45-1) to his new address at the Cummins Unit. Mr. Person must mail his answers to the defendants' discovery requests to defendants on or before October 18, 2024. The Court will not grant Mr. Person any further extensions to respond to defendants' discovery requests.

4. The case is referred back to Judge Volpe for further proceedings consistent with the terms of this Order.

So ordered this 3rd of September, 2024.

Kristine G. Baker
Chief United States District Judge